[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11418

Non-Argument Calendar

————————————————

IRWIN HICKS, JR.,

Petitioner-Appellant,

*versus*

FLORIDA ATTORNEY GENERAL,
SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00360-JLB-PRL

———————————————

Before WILSON, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Irwin Hicks, Jr., a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court concluded that Hicks's petition was an unauthorized second or successive petition over which the district court lacked jurisdiction. No reversible error has been shown; we affirm.[*]

We review *de novo* whether a section 2254 habeas petition is second or successive. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (*en banc*). We construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We also read liberally briefs filed by *pro se* litigants. *See Timpson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Before a prisoner may file a second or successive habeas petition, he first must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such an order, the district court lacks

---

[*] On appeal, Hicks seems to raise no argument challenging the district court's second-or-successive determination and focuses, instead, only on the merits of his underlying claims. Even if we construe liberally Hicks's *pro se* brief as challenging the district court's second-or-successive determination, the district court concluded properly that Hicks's petition was subject to dismissal as an unauthorized second or successive petition.

jurisdiction to consider a second or successive habeas petition. *Lambrix v. Sec'y, Dep't of Corr.*, 872 F.3d 1170, 1180 (11th Cir. 2017).

In 2011, Hicks pleaded guilty to five drug offenses in violation of Florida law. Hicks was sentenced to 20 years' imprisonment, to be suspended upon the completion of 5 years of drug-offender probation. Hicks filed no direct appeal.

In 2014, a probation officer charged Hicks with violating the terms of his probation by committing a new criminal offense. Following a hearing, the state court found Hicks guilty of violating his probation. The state court revoked Hicks's drug-offender probation and imposed a total sentence of 20 years' imprisonment. The judgment was later affirmed on direct appeal; the mandate issued in April 2016.

In February 2015 -- while Hicks's direct appeal was still pending -- Hicks filed his first 28 U.S.C. § 2254 petition, challenging the revocation of his probation and his resulting sentence. Because Hicks had not yet completed his direct appeal and state collateral attacks, the district court dismissed the petition without prejudice.

Hicks filed his second section 2254 petition in 2017, challenging both his original criminal proceedings and his probation-revocation proceedings. The district court denied Hicks's petition and dismissed the case with prejudice. This Court denied Hicks a certificate of appealability.

In 2021, Hicks filed the section 2254 petition at issue in this appeal, challenging again his probation-revocation proceedings and sentence.

4                    Opinion of the Court                    22-11418

The district court made no error in determining that Hicks's 2021 section 2254 petition is second or successive. The record demonstrates that Hicks already challenged his probation revocation and sentence in his earlier-filed 2017 habeas petition: a petition that was dismissed with prejudice. Because Hicks failed to obtain authorization from this Court to file a second or successive petition, the district court lacked jurisdiction to consider Hicks's 2021 petition. *See Lambrix*, 872 F.3d at 1180.

AFFIRMED.